IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE ALLEN | CRIMINAL ACTION<br>NO. 10-415 |

## MEMORANDUM OPINION

Petitioner Jesse Allen moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, his motion will be denied.

### I.    BACKGROUND

In the summer of 2009, at the age of 23, Allen robbed three grocery stores in West Philadelphia by pointing a gun at each of the store's proprietors. His crimes yielded a bounty of approximately $400 and some loose coins and cigarettes. They also carried the consequence of serious felony charges and a lengthy sentence—Allen was ultimately charged with and pled guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The first robbery counted as a predicate offense, so the sentence for the subsequent robberies was enhanced, and "stacked" to result in a total mandatory minimum sentence of 32 years. Allen was accordingly sentenced to a term of imprisonment of 32 years and one month on January 19, 2012. He has since served 148 months of his sentence at the Federal Correctional Institution in Ray Brook, New York—130 months in time and 18 months through a credit for good conduct credit.

On December 15, 2021, Allen requested compassionate release from the warden of FCI Ray Brook, and never received a response. He filed a second request on a specialized form on January 3, 2022, and still did not receive a response. On March 24, 2022, he moved for

1

compassionate release based on Congress's amendments to the "stacking" of mandatory minimum sentences under 18 U.S.C. § 924(c) through the First Step Act of 2018, which would lower his sentence. By his calculations, Allen believes that he would have fully served the sentence for his crimes under these amendments, and argues that this, along with his education in prison and his strong family ties, qualifies as an "extraordinary and compelling" reason which warrants his early release. The government opposes Allen's motion, arguing that his claim for relief fails as a matter of law.

## II.     DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the prisoner has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a prisoner's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A)(2).

Here, Allen has exhausted his administrative remedies by unsuccessfully seeking compassionate relief from the warden of FCI Ray Brook, and his motion is therefore ripe for

consideration.[1]  His sentence may therefore be reduced if:  (1) extraordinary and compelling circumstances warrant such a reduction; (2) he is not a danger to the safety of another person or to the community; and, (3) release is appropriate in consideration the relevant factors set forth in Section 3553(a).

    A.  **Extraordinary and Compelling Circumstances**

While Section 3582 does not define "extraordinary and compelling" circumstances that warrant relief, the Sentencing Commission's policy statement elaborates on the term in an application note.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D).  According to U.S.S.G. § 1B1.13, a defendant's serious physical or medical condition is "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."  *Id.*  It is the defendant's burden "to prove extraordinary and compelling reasons exist."  *United States v. Adeyemi*, 470 F. Supp. 3d 489, 513 (E.D. Pa. 2020).

Allen's sole basis of extraordinary and compelling circumstances stems from the changes to the § 924(c) mandatory minimums and the duration of his sentence.  As context, in 2018, changed the imposition of mandatory minimums under 18 U.S.C. §924(d) by passing the First Step Act.  The Act revised the law so that the higher mandatory minimums for subsequent offenses would not apply unless the defendant already had a final conviction for a § 924(d) charge at the time of the offense.  *See United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) ("[O]nly a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25-year minimum.").  Though Allen and the Government disagree as to how long exactly his sentence would be under the amended law, they agree that his

---

[1] *See* 18 U.S.C § 3582(c)(1)(A) (explaining that a defendant may bring a motion for compassionate release pursuant to this Act after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

sentence would be of a shorter duration.  But in any event, it is clear that these amendments do not apply to Allen; though Congress had the choice to make the law retroactive, it specifically chose not to apply these changes to individuals who had already been sentenced under the pre-existing version of the law.  *See United States v. Andrews*, 12 F.4th 255, 257 (3d Cir. 2021).  These nonretroactive changes to the §924(c) mandatory minimums therefore cannot alone serve as a basis for compassionate release; at most, they may serve as a consideration in weighing the § 3553(a) factors.  *Id.* at 261-62.  But because Allen's only claim of extraordinary or compelling circumstances comes from this change in the law, he has failed to demonstrate that there are any extraordinary or compelling circumstances which merit compassionate release and his request must be denied.

   An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**